07-CV-05591-CMP

Received From SEATTLE

FILED LODGED ENTERED RECEIVED

OCT 26 2007

OCT 24 2007  LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY WHITE and GINA WHITE, a marital couple, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY L. ST. JULIEN and CATHY A. ST. JULIEN, a marital couple, <br><br> Defendant. | NO. C07-5591 BHS <br><br> **COMPLAINT FOR DAMAGES** <br><br> <u>**JURY TRIAL REQUESTED**</u> <br><br>  ORIGINAL |

COMES NOW Plaintiffs by and through their attorneys John R. Connelly Jr. and Lincoln C. Beauregard of the Connelly Law Offices by way of claim allege and state:

### I.    PARTIES AND JURISDICTION

1.1    Plaintiffs, Timothy White and Gina White, are a married couple currently residing at 829 Byham Dr. Winlock, WA 98596.

1.2    Defendant Anthony L. St. Julien is an individual and was, at all relevant times hereto, acting the capacity as the Superintendent within the scope of employment for NORTHWEST METAL & FAB INC. (hereinafter "Northwest") located at 4500 SW Advance Rd., Wilsonville, Oregon 97070.

COMPLAINT FOR DAMAGES - 1 of 6

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1.3 Cathy A. St. Julien is the wife of Anthony L. St. Julien and they reside together at 635 Pallisades Ct., Lake Oswego, OR 97034.

1.4 Jurisdiction is proper based upon diversity jurisdiction and in that the plaintiffs are claiming damages well in excess of the statutory minimums.

## II. BACKGROUND

2.1 On May 25, 2006, by and through supervision and management, Northwest hosted a *"kick off some steam"* company party for purposes of building and encouraging employee morale and cohesion.

2.2 When speaking to police investigators about the events of the day, Superintendent St. Julien characterized the occurrence as a *"company party"* and that he *"had a bunch of crew come in and have a barbeque"* at a KOA campsite.

2.3 Superintendent St. Julien was acting within the scope of employment for Northwest in relation to the facts and circumstances giving rise to this lawsuit.

2.4 Superintendent St. Julien is insured for acts and omissions committed while acting within the scope of employment for Northwest.

2.5 Superintendent St. Julien supplied food and drinks during the *"company party"* at no expense to the employees.

2.6 Earlier in the same day, Andrew Hoover, an individual working under the supervision of Superintendent St. Julien, had brought an explosive device to the workplace which was made known at the time to other employees, supervisors, and managers.

2.7 Another employee, Robert Crouch, reported to the police investigators on May 26, 2006 that *"Andy had been showing people the device all week."*

COMPLAINT FOR DAMAGES - 2 of 6

2.8   Mr. and Mrs. White were invited to the "*company party*" in order to solidify an understanding that Mr. White would be returning to work for Northwest in the near future.

2.9   Mr. White arrived at the "*company party*" sometime fairly shortly prior to another employee, Mr. Hoover.

2.10   Mr. Hoover arrived at the "*company party*" at approximately 8:00 p.m.

2.11   According to Mr. Hoover, he "*went in and checked in with [his] boss Tony to see if [he] could go home for the night and it was like uh well 'hey you got something in your truck that, that, goes 'boom'?*"

2.12   Mr. Hoover was asked this "*so they can kind of celebrate and kick off steam and whatnot so [he] got something [from] the driver's side of my upper toolbox...*"

2.13   On September 25, 2007, Mr. Hoover again confirmed that the conversation regarding "*something in your truck that, that, goes 'boom'*" occurred between himself and Superintendent St. Julien.

2.14   As a result of the injuries suffered by Mr. White, initially and after suffering from a coma, he could not recall the conversation between Superintendent St. Julien and Mr. Hoover.

2.15   Now, with time to heal emotionally and psychologically from the physical injuries and coma, Mr. White specifically recalls Superintendent St. Julien inquiry regarding "*something in your truck that, that, goes 'boom'*" towards Mr. Hoover.

2.16   Mr. Hoover retrieved the explosive device from his company truck and explained that "*you light this thing and you get rid of it*" when another employee, James Harrison, ended up with the explosive device.

COMPLAINT FOR DAMAGES - 3 of 6

2.17  Michael Powers, the foreman employed by Northwest, was fully aware that Mr. Hoover had retrieved that explosive device from his company truck, and, in relation to igniting the explosive device and throwing it *"across the canal"* after it was lit, he explained that *"you guys can't do that because there is three pipelines out there..."*

2.18  Mr. Crouch, an employee, explained to the police investigators that Mr. Harrison *"was lighting the fuse, and [he] went and ran about 2-pickup lengths behind a truck, and [he] grabbed another with [him] and [Mr. Harrison] was holding it up in the air, saying 'it lit, it lit', and [he] was watching the fuse. From [his] experience, it was about a six second fuse, and it started smokin', he thought it went out, and it'd actually gone down in the brass tube to where you couldn't see the cherry anymore."*

2.19  Mr. White was in direct proximity to Mr. Harrison and the explosive device, realized that Mr. Harrison was in danger, and slapped the explosive device from Mr. Harrison's hand.

2.20  The explosive device detonated and both Mr. Harrison and Mr. White were seriously injured to include the partial loss of limbs and Mr. White's vision and eye on the left side.

2.21  Mr. White probably saved the life of Mr. Harrison and others.

2.22  Mr. White has been unable to maintain employment ever since the explosion and the entire White family has suffered extreme emotional distress.

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

### III. CAUSES OF ACTION

3.1 **NEGLIGENCE**: Superintendent St. Julien, and any and all agents/employees including Michael Powers, Andrew Hoover, and James Harrison, acted unreasonably and in such a way that was the direct and proximate cause of the White family's injuries.

3.2 **STRICT LIABILTY**: Superintendent St. Julien, individually, and by and through any and all agents, including Michael Powers, Andrew Hoover, and James Harrison, engaged in the abnormally dangerous activity of detonating an explosive device in order to perpetuate the "*celebration*" at the "*company party*" which is an abnormally dangerous activity.

3.3 **RESPONDEAT SUPERIOR**: At all relevant times hereto, Superintendent St. Julien was acting as principle/employer and liable for the actions of any and all agents/employees including Michael Powers, Andrew Hoover, and James Harrison while each was acting within the scope of agency/employment. Additionally, Michael Powers was also acting in a supervisory capacity over the agents/employees of Northwest including Andrew Hoover and James Harrison.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, having set forth their cause of action herein against Defendants, prays for judgment against Defendants, for general and special damages in amounts as shall be proven at trial, and for reasonable attorneys fees in accordance with law, and otherwise, for Plaintiffs' costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and equitable under the circumstances.

## V. DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury of the claims brought herein.

Dated this __23__ day of October, 2007.

                CONNELLY LAW OFFICES

                By _____
                     John R. Connelly, Jr., WSBA No. 12183
                     Lincoln C. Beauregard, WSBA No. 32878
                     Attorney for Plaintiffs