UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY WHITE and GINA WHITE, a marital couple,

        Plaintiffs,

    v.

NORTHWEST METAL FAB & PIPE and ANTHONY L. ST. JULIEN,

        Defendants,

    v.

EVANSTON INSURANCE COMPANY,

        Intervenor.

CASE NO. C07-5591BHS

ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND GRANTING DEFENDANT ANTHONY L. ST. JULIEN'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL DEADLINES

This matter comes before the Court on Plaintiffs' Motion to Amend Complaint (Dkt. 56) and Defendant Anthony L. St. Julien's Motion to Continue Trial Date and Pre-Trial Deadlines (Dkt. 64). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Plaintiffs' motion and grants Defendant's motion for the reasons stated herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2008, Plaintiffs Timothy and Gina White filed a Second Amended Complaint for Damages against Defendants Northwest Metal Pipe & Fab Company and

ORDER – 1

Anthony L. St. Julien. Dkt. 44 ("Complaint"). Evanston Insurance Company has interveneed on behalf of Defendants. *See* Dkts. 8 and 22.

Plaintiffs' causes of action stem from an alleged company party that was intended to build and encourage "employee morale and cohesion." Complaint, ¶ 2.1. Plaintiffs allege that, sometime before the party, Defendant Northwest's employee Andrew Hoover brought an explosive device to the workplace. *Id*. at 2.8. Plaintiffs also allege that Mr. Hoover and James Harrison attended the party which started sometime in the evening. *Id*. ¶¶ 2.12, 2.21. Mr. Hoover and Mr. Harrison allegedly detonated the explosive device severely injuring Plaintiff Timothy White. *Id*. ¶¶ 2.21-2.25. Plaintiffs allege that Defendant St. Julien instructed Mr. Hoover to retrieve the explosive device from Mr. Hoover's vehicle and that Defendant St. Julien was, at all relevant times, acting as "Superintendent within the scope of employment for [Defendant] Northwest." *Id*. ¶¶ 1.3, 2.17.

On May 13, 2008, the Court issued a scheduling order setting pretrial and trial dates. Dkt. 48. Trial is currently set to commence on the Court's April 7, 2009 calendar. *Id*.

On June 3, 2008, the parties stipulated to continue the deadline for adding third parties to this action. Dkt. 53. In the stipulation, the parties agreed that "[t]he reason for this extension is that the parties need to take the depositions of two persons who are named in plaintiffs' complaint . . . Andrew Hoover and James Harrison." *Id*. at 1-2. The parties represented to the Court that Mr. Hoover's deposition could not be taken because of a pending criminal trial against him based on the events at the party. *Id*. at 2. Mr. Hoover would supposedly plead the Fifth Amendment until the trial was completed. *Id*. That trial was scheduled to commence on July 28, 2008. *Id*. On June 5, 2008, the Court granted the stipulation because the parties had shown "good cause" to alter the pretrial deadline. Dkt. 54.

On June 27, 2008, Mr. Harrison filed a complaint claiming damages for injuries sustained at the company party. *See Harrison v. Northwest Metal Fab & Pipe*, Case No. C08-5409RBL (W.D. Wash. 2008). Plaintiff Harrison has moved to consolidate his case with this case. *See id.*, Dkt. 7.

On July 11, 2008, Plaintiffs filed a Motion to Amend. Dkt. 56. On July 28, 2008, Defendants responded. Dkts. 59 and 60. On July 31, 2008, Plaintiffs replied. Dkt. 63.

On August 8, 2008, Defendant St. Julien filed a Motion to Continue Trial Date and Pre-Trial Deadlines. Dkt. 64. Defendant claims that Mr. Hoover's criminal trial has been continued and is currently scheduled to commence on the state court's October 16, 2008 calendar. *Id.* at 3. On August 14, 2008, Plaintiffs and Defendant Northwest responded. Dkts. 67 and 68. On August 19, 2008, Defendant St. Julien replied. Dkt. 71.

## II. DISCUSSION

**A.    Plaintiffs' Motion to Amend**

In their reply, Plaintiffs request that the Court strike their motion. Dkt. 63. Defendants argued that Plaintiffs' amendment would have been futile. *See* Dkts. 59 and 60. Therefore, the Court denies Plaintiffs' motion as moot.

**B.    Defendant St. Julien's Motion to Continue**

A court may modify a schedule for good cause. Fed. R. Civ. P. 16(b)(4). Continuing pretrial and trial dates is within the discretion of the trial judge. *See King v. State of California*, 784 F.2d 910, 912 (9th Cir. 1986).

Defendant St. Julien moves for a continuance based on (1) his inability to adequately depose Mr. Hoover because of the continued state court criminal trial and (2) the potential consolidation of Mr. Harrison's federal court action. Dkt. 64 at 2-5. Although Plaintiffs have already conceded that the pending criminal trial was good cause to extend the deadline to add additional parties (Dkt. 53), Plaintiffs oppose this motion to continue because Defendant "has failed to show that good cause exists to modify the case schedule." Dkt. 68 at 3. Plaintiffs claim that Defendant has "abundant evidence from

ORDER – 3

which to evaluate and prove the fault on the part of [Mr.] Hoover." *Id*. at 4. Plaintiffs also claim that if Mr. Hoover pleads the Fifth at his deposition, then the jury can draw an adverse inference against him and that would "actually help[] Defendant St. Julien prove fault against Mr. Hoover." *Id*. at 5-6. Plaintiffs apparently would like to litigate both sides of this dispute.

Defendant St. Julien argues that "he is entitled to determine what type of case he wishes to present in his defense, and is not bound by suggestions." Dkt. 71 at 2. The Court agrees. While it is unfortunate that the state court proceeding has been delayed, the scheduling of that trial is beyond the Defendant's control. Defendant shall be allowed an equal opportunity to prepare and present an adequate defense. Defendant has shown good cause exists to continue the pretrial and trial dates in this matter. Therefore, Defendant's motion for a continuance is granted.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Amend Complaint (Dkt. 56) is **DENIED** and Defendant Anthony L. St. Julien's Motion to Continue Trial Date and Pre-Trial Deadlines (Dkt. 64) is **GRANTED.** The Court's scheduling order (Dkt. 48) is **VACATED** and the clerk is directed to issue a new scheduling order.

DATED this 22nd day of August, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4